UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JUSTIN LIGERI, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 8:23-CV-1318 |
| | ) |
| ARIZONA DAILY INDEPENDENT, LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW FOR LEAVE TO SERVE ARIZONA DAILY INDEPENDENT, LLC BY OTHER MEANS**

Pursuant to Rule 4(c)(1) and 4(h)(1) of the Federal Rules of Civil Procedure and Florida Statute Section 48.102, Plaintiff moves this Court for an order approving alternative service of process on Defendant Arizona Daily Independent, LLC ("Independent" or "Defendant") by other means. As grounds for this Motion, Plaintiff state:

(1)   The Defendant is not physically located at their last known address according to Arizona's Secretary of State Business Records and therefore it is impossible to effectuate service in person.

(2)   The Registered Agent and Owner of the Arizona Daily Independent, LLC is believed to have passed away in 2018.

(3)   The Plaintiff is unable to effectuate personal service on the Independent despite diligent efforts.

**I.   Statement of Facts**

Defendant is an Arizona limited liability company with the Arizona Secretary of State and is active and in good standing. Its registered address is 10645 N Oracle Road, #121-244, Oro

Valley, AZ 85737, and its registered agent is noted as John A Hunnicutt. *See* Arizona Secretary of State Business Record for the Arizona Daily Independent at **Exhibit A**. Defendant is not located at this address. *Id.* Rather, it appears that the listed address is a private UPS mailbox, in which the registered agent, or employees of the Independent are not located. See Affidavit July 12, 2023 of Samantha Shetley at **Exhibit B.**

Plaintiff's counsel hired Proof Serve, a private process server in Arizona, to serve the summons along with a copy of the Complaint to Defendant. Proof serve first attempted to serve Defendant on July 12, 2023 at Defendant's registered address of 10645 N Oracle Road, #121-244. *Id.* Proof serve could not effectuate service as the address was for a UPS store mailbox, where UPS stated it could not accept service of legal documents. *Id.*

Proof Serve ran an additional courtesy search for associated addresses, and located 6929 N Hayden Road, C4 291, Scottsdale Arizona as a business address for the Defendant. See Affidavit of Yvette Owens at **Exhibit C.** Again, Proof Serve was unable to effectuate service because the found address was a UPS store mailbox.

Proof Serve attempted to serve Defendant at 1248 N Dorado Boulevard, Tucson, Arizona on July 24th and July 25th for a total of three attempts at this address. *See* July 24, 2023 Affidavit of Samantha Shetley at **Exhibit D.** The process server stated that they could not locate Hunnicutt at the address, and that the owner of the home was unaware of anyone with the last name Hunnicutt. *Id.* The process server also stated in their affidavit that she "called the Arizona Daily and [was told] John passed away in 2018. *Id.* They did not have any new information and referred me to the ACC site and P.O. box for mail." *Id.*

Again on October 13, 2023 Plaintiff's Counsel requested Proof Serve to serve Defendant at a different address. *See* October 13, 2023 Affidavit of Gilbert Trejo, at **Exhibit E.** According to the

Independent's website, mail was to be forwarded to 20118 N 67th Ave, Suite 300, #239, Glendale Arizona. See the Independent's Website at **Exhibit F.** Proof Serve had then notified Plaintiff's Counsel that the address had been flagged as a bad address as it was, again, a UPS Mail store private P.O. box and could not be used for service. See October 13, 2023, Affidavit of Gilbert Trejo, at **Exhibit E.**

Proof Serve conducted an additional search for a business address, and attempted to serve Defendant at 1111 Cam Diestro, Oro Valley, Arizona. *See* Oct 16, 2023 Affidavit of Susan Mazzotti, at **Exhibit G**. This address was also listed on the Arizona Secretary of State's business record site, which was last updated in March of 2013.  See **Exhibit A.** This attempt was also unsuccessful. The process server stated that the current tenant had spoke to her, and that they stated she resided in the home for the last three years, and that John Hunnicutt was unknown. See Oct 16, 2023 Affidavit of Susan Mazzotti, at **Exhibit G**.  A neighbor had stated he believes Hunnicutt had passed away. *Id.* Plaintiff's Counsel ran its own search on the whereabouts of John Hunnicutt, and located an obituary that corroborated reports that Mr. Hunnicutt had indeed passed away. *See* Obituary of John Hunnicutt at **Exhibit H.**

## II.     Standard of Review

Rule 4(h)(1) of the Federal Rules of Civil Procedure governs the methods by which service of process may be effected on a limited liability company:

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served:

(1)     in a judicial district of the United States:

    (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or another other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1) (emphasis added). Because Defendant has registered a false and fictitious address, it cannot be served by the method provided in Fed. R. Civ. P. 4(e)(1).

  Furthermore, the provisions of Florida law applicable to substituted service of process where Defendant has concealed their whereabouts are found in Sections 48.102:

<u>Service by other means.</u>—If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company**, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit.** Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney. The court may authorize other methods of service consistent with the principles of due process.

  **III.**  **Argument**

While service of process is the responsibility of the plaintiff, "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." National Labor Relations Bd. v. Clark, 468 F.2d 459, 464 (5th Cir. 1972). Moreover, "[t]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." Verizon Trademark Servs., LLC v. Producers Inc., 2011 WL 3296812, at 5 (M.D. Fla. Aug. 2, 2011) (quoting TRW Inc. v. Derbyshire, 157 F.R.D. 59, 60 (D. Co. 1994)). Alternate service is necessary where a defendant has concealed his whereabouts and is evading services, making it impossible to effect personal service despite its diligent efforts. Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010).

    A. <u>Alternate Service of Process by other means is Authorized by the Federal Rules of Civil Procedure.</u>

Courts have discretion to determine the appropriate means of service in a given case. U.S. Commodity Futures Trading Com'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). In exercising this discretion, the court must ensure that the alternate service comports with due process requirements. This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Service via e-mail has been permitted as a proper means of alternate service of process. Aliaga, 272 F.R.D. at 619 (citing, inter alia, Chanel, Inc. v. Zhixian, 2010 WL 1740695, at 4 (S.D. Fla. Apr. 29, 2010)). "[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." Lin, No. 08-23490-CIV, 2009

WL 1034627, at 1 (S.D. Fla. Apr. 16, 2009). Service via e-mail has been permitted as a proper means of alternate service of process. Aliaga, 272 F.R.D. at 619.

    B. Despite Exercising Due Diligence, Plaintiffs Are Unable To Serve The Defendant and Therefore Should Be Allowed To Serve By Alternative Means

Under Florida Statute Section 48.102, a Plaintiff may serve a limited liability company by "other means" if the Plaintiff exercises due diligence and is still unable to serve the entity. Fla. Stat. Sect 48.102. In this case, Plaintiff has exercised due diligence in serving the Independent.

Plaintiff has made several attempts to serve the Defendant. Plaintiff's counsel hired Proof Serve to serve the summons along with a copy of the Complaint to Defendant. Proof Serve attempted to serve Defendant multiple times at multiple addresses to no avail, which include:

| Address Attempted | Date | Source of Address | Result |
|---|---|---|---|
| 10645 N Oracle Road, #121-244, Oro Valley, AZ 85737 | July 12, 2023 | Arizona Secretary of State Business Records | UPS Mailbox |
| 6929 N Hayden Road, C4 291, Scottsdale Arizona | July 24, 2023 | Proof Serve courtesy search for business address | UPS Mailbox |
| 1248 N Dorado Boulevard, Tucson, Arizona | July 24, 2023 | Proof Serve courtesy search for business address | John Hunnicutt not found. No answer at the door. |
| 1248 N Dorado Boulevard, Tucson, Arizona | July 25, 2023 | Proof Serve courtesy search for business address | No answer at the door. |
| 1248 N Dorado Boulevard, Tucson, Arizona | July 25, 2023 | Proof Serve courtesy search for business address | Homeowner and occupant named Lisa reported she did not know of a John Hunnicutt. |

| 20118 N 67th Ave, Suite 300, #239, Glendale, AZ 85308 | October 13, 2023 | Defendant's website contact information page. | UPS Mailbox |
| 1111 Cam Diestro, Oro Valley, Arizona | October 16, 2023 | Arizona Secretary of State's website | John Hunnicut unable to be located. Tenant and occupant reported they did not know of a John Hunnicut. |

As stated above, Proof Serve ran several searches to find associated business addresses, which all yielded UPS private mailboxes inside UPS stores which would not accept service on behalf of Defendant. Furthermore, Plaintiff has attempted to serve each address listed on the Arizona Secretary of State's website in addition to the Defendant's listed address on its website. Plaintiff has attempted to serve Defendant <u>six times.</u>

Plaintiff also believes that the Registered Agent and Member of the Independent, John Hunnicutt, is deceased. However, the Independent website still lists it as an owner on its banner contact, and regularly publishes articles. At this juncture, Plaintiff has investigated and tried to serve each address related to the Independent. The addresses listed by the Defendant on the Arizona Secretary of State's website, as well as its own website are either P.O. boxes, or addresses in which John Hunnicutt, or any of the Defendant's executives, directors, or employees is unable to be found.

After conducting such investigations and attempting to serve Defendant at known addresses, alternative service is the best mechanism to ensure proper service is effective on Defendant. Because Defendant's have improperly used a P.O. box as their registered business address, they are simply avoiding service of process. Providing the Defendant with service via certified and regular mail to the listed P.O. box, email, and the Arizona Secretary of State will

certainly notify them of the lawsuit and provide effective service. The alternative service of methods are in accord with due process and will certainly inform Defendant of this lawsuit.

**WHEREFORE**, Plaintiffs respectfully request that their Motion for Alternative service be granted, and that they be granted leave to serve Defendant by the following means:

1. Serve by certified and regular mail at 20118 North 67th Avenue Suite 300, #239, Glendale, AZ, 85308.

2. Serve by email at editor@arizonadailyindependent.com; and

3. Serving the Arizona Secretary of State's Office on behalf of the Defendant.

Respectfully Submitted,

Justin Ligeri

By his attorney,

*Daniel Alan McGowan, Esquire*

_____
Daniel Alan McGowan
Florida Bar No. 94482
**Adrian Philip Thomas PA**
515 E Las Olas Blvd
Suite 1050
Fort Lauderdale, FL 33301
954-764-7273
Email: dmcgowan@aptpa.com

Dated: October 24, 2023