UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LIGERI,

    Plaintiff,

v.                                          Case No. 8:23-CV-1318-CEH-AEP

ARIZONA DAILY INDEPENDENT, LLC

    Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve Defendant Arizona Daily Independent, LLC by Other Means (Docs. 11–12).[1] By the Motion, Plaintiff seeks to effectuate service of process by certified and regular mail, email, and service upon the Arizona Secretary of State's Office as Plaintiff has been unable to serve Defendant Arizona Daily Independent, LLC (Doc. 12). For the reasons stated below, Plaintiff may effectuate service by certified and regular mail, email, and via service on the Arizona Secretary of State on behalf of the Defendant.

---

[1] At the outset, the Court notes that Plaintiff has separately filed the Memorandum of Law (Doc. 12) from the Motion for Leave to Serve Defendant Arizona Daily Independent, LLC by Other Means (Doc. 11) in contravention of Local Rule 3.01(a). *See* Local Rule 3.01(a) (requiring motion to include, in a single document, "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request"). Notwithstanding, the Court will still consider the arguments set out in the supporting Memorandum (Doc. 12) but respectfully advises counsel to comply with the Local Rules of the Middle District of Florida going forward.

Defendant is an Arizona limited liability company with the Arizona Secretary of State and is active and in good standing (Docs. 12, at 1–2; 12-1 Exhibit A). Its registered address is 10645 N Oracle Road, #121-244, Oro Valley, AZ 85737, and its registered agent is noted as John A. Hunnicutt (Docs. 12, at 1–2; 12-1 Exhibit A). Rule 4(h)(1) of the Federal Rules of Civil Procedure governs the methods by which service of process may be effectuated on a limited liability company:

> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or another other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Plaintiff here requests to effectuate service of process by certified and regular mail, email, and service upon the Arizona Secretary of State's Office. Alternate service may be necessary where a defendant has concealed his whereabouts and is evading service, making it impossible to effect personal service despite its diligent efforts. *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698–99 (Fla. Dist. Ct. App. 2010).

2

Substitute service of process upon a corporate defendant by serving the Secretary of State is guided by Florida Statutes §§ 48.062 and 48.161. Section 48.062 states in pertinent part:

> A domestic limited liability company . . . may be served with process required or authorized by law by service on its registered agent designated by the limited liability company under chapter 605. . . . If, after due diligence, the process cannot be completed [by serving the registered agent] . . . and if . . . [t]he only person listed publicly by the domestic limited liability company . . . on its annual report, as most recently amended, is also the registered agent on whom service was attempted . . . the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company[.]

Fla. Stat. § 48.062(2), (4)(a), amended by 2022 Fla. Laws ch. 2022-190, 5–6 (effective January 2, 2023). Section 48.161 states in pertinent part:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . . . The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(3), (4)(a)–(c), amended by 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023). Additionally, to effectuate proper substituted service of process on a defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. *Vega v. PBS Constr. LLC*, No. 6:23-CV-940-PGB-EJK, 2023 WL 6809633, at *3 (M.D. Fla. Oct. 16, 2023); Fla. Stat. § 48.161(1)–(2).

Section 48.102 of the Florida Statutes also details alternative service of process in circumstances where a defendant has concealed their whereabouts:

> Service by other means.—If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney. The court may authorize other methods of service consistent with the principles of due process.

Courts have discretion to determine the appropriate means of service in a given case. *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). In exercising this discretion, the court must ensure that the alternate service comports with due process requirements. This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Specifically, service by email has been held as a permissible means of alternative service of process. *See Meza v. JC & Son's Constr. LLC*, No. 6:23-CV-242-WWB-LHP, 2023 WL 4904724, at *2 (M.D. Fla. Aug. 1, 2023); *Aliaga*, 272 F.R.D. at 619.

In the instant case, Plaintiff has made several attempts to serve the Defendant to no avail and contends that Defendant is attempting to conceal its whereabouts (Doc. 12, at 6). Initially, Plaintiff could not serve Defendant because it was not located at the address found in the Arizona Secretary of State Business Records (Doc. 12, at 2). Rather, the address is a private UPS mailbox, in which neither the registered agent nor the employees of Defendant are located (Docs. 12, at 2; 12-2 Exhibit B). Then Plaintiff's counsel hired Proof Serve to serve the summons along with a copy of the Complaint to Defendant (Doc. 12, at 6). Proof Serve attempted to serve Defendant multiple times at multiple addresses with no success (Doc. 12, at 6). Proof Serve first attempted to serve Defendant on July 12, 2023, at Defendant's registered address of 10645 N Oracle Road, #121-244. (Doc. 12-2

Exhibit B, Affidavit of Samantha Shetley). Proof Serve could not effectuate service as the address was for a UPS store mailbox, where UPS stated it could not accept service of legal documents (Doc. 12-2 Exhibit B, Affidavit of Samantha Shetley).

Proof Serve searched for additional associated addresses, and located 6929 N Hayden Road, C4 291, Scottsdale, Arizona as a business address for Defendant (Doc. 12-3 Exhibit C, Affidavit of Yvette Owens). Again, Proof Serve was unable to effectuate service because the found address was a UPS store mailbox. Proof Serve attempted to serve Defendant three times total at 1248 N Dorado Boulevard, Tucson, Arizona on July 24th and July 25th (Doc. 12-4 Exhibit D, Affidavit of Samantha Shetley). The process server stated that she could not locate Hunnicutt at the address, and that the owner of the home was unaware of anyone with the last name Hunnicutt. The process server also stated in the affidavit that she "called the Arizona Daily and [was told] John passed away in 2018." (Doc. 12-4 Exhibit D, Affidavit of Samantha Shetley).

On October 13, 2023, Proof Serve attempted to served Defendant at a different address (Doc. 12-5 Exhibit E, Affidavit of Gilbert Trejo). Defendant's website states that mail may be sent to 20118 N 67th Ave, Suite 300, #239, Glendale, Arizona (Doc. 12-6 Exhibit F). Proof Serve notified Plaintiff that this address was again a UPS Mail store private P.O. box and could not be used for service (Doc. 12-5 Exhibit E, Affidavit of Gilbert Trejo). On October 16, 2023, Proof Serve then attempted to serve Defendant at 1111 Cam Diestro, Oro Valley, Arizona, which was also found on Arizona Secretary of State's business record site last

updated in March 2013 (Docs. 12-1 Exhibit A; 12-7 Exhibit G, Affidavit of Susan Mazzotti). This attempt was also unsuccessful. The process server noted that the current tenant stated she resided in the home for the last three years and did not know John Hunnicutt (12-7 Exhibit G, Affidavit of Susan Mazzotti). A neighbor stated that he believed John Hunnicutt had passed away (12-7 Exhibit G, Affidavit of Susan Mazzotti). Plaintiff later found an obituary for John A. Hunnicutt (Doc. 12-8 Exhibit H, Obituary of John A. Hunnicutt).

As outlined above, Plaintiff has investigated and made several attempts to serve any address associated with Defendant. The addresses listed by the Defendant on the Arizona Secretary of State's website, as well as its own website are either P.O. boxes, or addresses in which John Hunnicutt, or any of the Defendant's executives, directors, or employees are unable to be found. Further, the listed Registered Agent John A. Hunnicutt is believed by Plaintiff to be deceased. After conducting such investigations and attempting to serve Defendant at known addresses, this Court finds that Plaintiff has diligently tried to serve Defendant. Therefore, this Court agrees that serving the Arizona Secretary of State on behalf of Defendant is proper pursuant to Florida Statutes §§ 48.062 and 48.161. Moreover, in an abundance of caution, this Court also finds that service on Defendant by other means, including certified and regular mail and email, is proper in addition to service on the Arizona Secretary of State on behalf of Defendant.

Based on the sworn statements and documents provided in support of the Motion seeking alternative service (Doc. 12), Plaintiff has demonstrated that service

on Defendant by certified and regular mail, email, and via service on the Arizona Secretary of State on behalf of the Defendant is warranted in accordance with due process and applicable Florida law.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Leave to Serve Defendant Arizona Daily Independent, LLC by Other Means (Doc. 11) is GRANTED.

2. Plaintiff shall have forty-five (45) days from the date of this Order to effectuate service by certified and regular mail, email, and via service on the Arizona Secretary of State on behalf of the Defendant, in accordance with the requirements of the applicable Florida Statutes.

DONE AND ORDERED in Tampa, Florida, on this 9th day of January, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record