UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LIGERI,

    Plaintiff,

v.                                                Case No: 8:23-cv-1318-CEH-AEP

ARIZONA DAILY INDEPENDENT,
LLC,

    Defendant.
_____

## ORDER

This matter comes before the Court *sua sponte*. Plaintiff Justin Ligeri filed this action on June 12, 2023, asserting claims against Defendant, Arizona Daily Independent, LLC, for allegedly defaming him in the title of one of its online articles. Doc. 1 at 2–3. Plaintiff contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. *Id.* ¶ 5. Upon review, the Court cannot determine whether it has subject-matter jurisdiction based on diversity of citizenship.

## DISCUSSION

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the

court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Plaintiff has invoked the Court's jurisdiction pursuant to 28 U.S.C. §1332(a). That section allows the Court to exercise jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, Plaintiff properly alleges that the amount in controversy exceeds $75,000. Doc. 1 at ¶ 4.

However, for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must also be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted). For example, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]" *Id.* (quotations and citations omitted).

The Complaint alleges that the parties are diverse from each other because Plaintiff, an individual, resides in Lutz, Fl. Doc. 1 ¶ 2. The Complaint alleges that Defendant, a limited liability company that operates a newspaper, has a principal place of business in Arizona and is incorporated under the laws of Arizona. *Id.* ¶ 3.

Plaintiff fails to properly allege the citizenship of either Party. First, he has not established that he is a citizen of Florida through his allegation that he "resides" in Lutz, Florida. "Domicile is not synonymous with residence[] [as] one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del*

2

*Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). "Although physically present in the current residence, the person [may not] intend to remain in that state indefinitely." *Id.* at 1342. In contrast, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is gone." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229 (11th Cir. 2020); *Arrol v. Heron*, No. 2:10-CV-655-JES-DF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011) (stating same).

As to Defendant, an LLC (limited liability company) is deemed "a citizen of any state of which a member of the company is a citizen," *Rolling Greens MPH, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Plaintiff must identify the members of the limited liability company and allege the citizenship of Defendant's members, which must be diverse from his own citizenship. Instead, Plaintiff merely alleges that Defendant "operates a newspaper with its principle [sic] place of business at 6929 North Hayden Road C4 #291, Scottsdale, Arizona 85250 and is incorporated under the laws of Arizona." Doc. 1 ¶ 3.

Without more, Plaintiff's claim that the parties are diverse because Plaintiff resides in Florida and Defendant has a principal place of business in Arizona (and is incorporated there) is not adequately supported by the facts or the law. As such, the Court is not able to determine whether it has subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

Accordingly, it is **ORDERED**:

1. Plaintiff is directed to **SHOW CAUSE** as to why this action should not be dismissed for lack of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff shall file a written response and an Amended Complaint with the Court within **FOURTEEN (14) DAYS** from the date of this Order which cures the deficiencies discussed in this Order.

2. Defendant is directed to file a disclosure statement within **FOURTEEN (14) DAYS** of this Order, as required by Middle District of Florida Local Rule 3.03 (*see also* Doc. 3).

**DONE** and **ORDERED** in Tampa, Florida on September 20, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties