UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LIGERI,

    Plaintiff,

v.                                         Case No: 8:23-cv-1318-CEH-AEP

ARIZONA DAILY INDEPENDENT,
LLC,

    Defendant.
_____

## ORDER

    This defamation action comes before the Court on Defendant Arizona Daily Independent's Renewed Motion for Summary Judgment and for Costs and Attorney's Fees Pursuant to § 768.295, Florida Statutes (Doc. 49), Plaintiff Justin Ligeri's response in opposition (Doc. 54), and Defendant Arizona Daily Independent's reply (Doc. 58). In its Motion, Defendant asks the court to grant summary judgment or, in the alternative, dismiss Plaintiff's Amended Complaint (Doc. 44).

    After careful consideration, and being fully advised in the premises, the Court will grant Defendant's Motion to the extent it seeks to dismiss Plaintiff's Amended Complaint and, therefore, does not reach the merits of Defendant's Motion for Summary Judgment.

## I. Relevant Facts

Plaintiff Justin Ligeri is an individual domiciled in Florida. Doc. 44 ¶ 2. Ligeri works in the e-commerce business space. *Id.* at ¶ 6. Defendant Arizona Daily Independent (ADI) publishes an online news website with its principal place of business in Arizona and is incorporated under the laws of Arizona. *Id.* at ¶ 3.

In April 2021, Ligeri was arrested by Mesa, Arizona police and charged with conspiracy to commit aggravated assault, stalking–fear of death, and stalking–fear of physical injury. Doc. 61 ¶ 4. Ligeri was never charged with murder or conspiracy to commit murder. *Id.* at ¶ 6. On March 24, 2022, Ligeri pled guilty to attempt to commit stalking. *Id.*

The criminal case against Ligeri arose from a business dispute between Ligeri and two of his former business associates, Joshua Tisher and John Burns. Doc. 22-3 at 17. Tisher and Burns were assisting Ligeri with the imports and exports of one of Ligeri's companies. *Id.* According to the Mesa, Arizona Police Report (Doc. 22-3), Ligeri owed Tisher and Burns a substantial sum of money for importing goods into the country. *Id.* at 17. Tisher and Burns decided to keep the property until Ligeri paid them. *Id.*

On March 18, 2021, Ligeri called Tisher regarding the business dispute. *Id.* at 13. The phone call between Ligeri and Tisher was recorded and transcribed. *Id.* at 18. The following are some of Ligeri's comments:

- "[Y]ou must have factored the possibility that I can commit murder, right? like you thought of that right?" *Id.*

- "But before I go work at In and Out Burger with two grand in my name that I'd buy a handgun and go shoot John Burns, I am out[.]" *Id.*

- "You don't have to take my call if you don't want but you gonna pay the price and it's gonna start tonight okay? I know where you live, and I know where John lives and it's gonna start tonight okay? and it's gonna be a bat to your fucking skull, I am just telling you, you fucked with the wrong guy I'm gonna take you both out[.]" *Id.* at 20.

On March 18, 2021, Ligeri called Eric Ivanov, Ligeri's former business associate. *Id.* at 21. Ivanov stated that when Ligeri called him, he wanted Tisher and Burns killed that night. *Id.* Ivanov convinced Ligeri to wait until a later date. *Id.* Ivanov advised Mesa, Arizona police that he was afraid of what might happen to Tischer if he told Ligeri no, so Tisher told Ligeri that he would talk to him the following day. *Id.* at 17. Ivanov then called Tischer to inform him of Ligeri's request and told Tisher that he would be willing to work with Mesa, Arizona police. *Id.*

On March 19, 2021, Ligeri and Ivanov discussed Ligeri's request. *Id.* at 22. Ivanov allowed Mesa, Arizona police to record the call. *Id.* Ligeri says "John Burns, I know where he lives[.] I know where [Tisher and Burns] work. I don't want to get you in any trouble. how could you safely, you know, put one or two of em in the hospital . . . . I don't want to kill anybody. I'd love to see, you know a broken jaw, a broken rib

or whatever." *Id.* The Mesa, Arizona Police Report (Doc. 22-3) refers to Ligeri's criminal case as a "possible murder for hire case[.]" *Id.* at 17.

On March 28, 2022, ADI published an article (the "Article") on Ligeri's case titled "Murder For Hire Conspiracy Case Results In Conviction Of Former Amazon Retail Star[.]" Doc. 22-4 at 2. The body of the Article states, in part, "Justin Nicola Ligeri will be sentenced April 29 in Maricopa County Superior Court for Attempted Stalking with Fear of Physical Injury, a Class 6 felony. Three other felonies, including conspiracy to commit aggravated assault, will be dismissed by Judge Scott Minder as part of a plea deal negotiated last week." *Id.* The parties agree and stipulate that the body of the Article reported the contents of the Mesa, Arizona Police Report (Doc. 22-3) and Plea Agreement (22-5). Doc. 61 ¶ 8.

In his Amended Complaint (Doc. 44), Ligeri brings one count of libel and libel per se (Count I). Defendant now moves for summary judgment or, in the alternative to dismiss the complaint. Doc. 49.

## II.     Motion to Dismiss

Defendant argues that Plaintiff's Amended Complaint should be dismissed as a shotgun pleading. A motion for summary judgment framed in the alternative as a motion to dismiss may be treated as a motion to dismiss. *See Weisenberg v. Costa Crociere S.P.A.*, 258 F. App'x 265, 266 n.1 (11th Cir. 2007); *see also Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 314 (Fla. 2d DCA 2019) ("[T]he Anti-SLAPP statute authorizes the filing of a motion seeking dismissal and a motion seeking summary judgment.").

### a. Standard

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia County*

*School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. Likewise, this includes a complaint in which many of the counts incorporate irrelevant information and/or legal claims. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). When faced with such a pleading, a court should strike the complaint and instruct plaintiff's counsel to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 984 (11th Cir. 2008).

### b. Discussion

Defendant argues that Plaintiff's Amended Complaint should be dismissed as a shotgun pleading because Plaintiff brings claims for libel and libel per se under the same count (Count I) in his Amended Complaint.

Plaintiff responds that if Defendant were truly confused by Plaintiff bringing claims for libel and libel per se under the same count, Defendant could have sought a more definitive statement under Federal Rule of Civil Procedure 12(e). Plaintiff also alleges that by filing a motion for summary judgment, Defendant shows that it understands completely the nature of Plaintiff's claims.

Plaintiff's Amended Complaint should be dismissed as a shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings—complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action

or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or against whom particular causes of action are being brought. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Here, Plaintiff's Amended Complaint falls into the third category and fails to separate each cause of action or claim for relief into separate counts. By combining a count for libel and libel per se, Plaintiff has failed to separate each cause of action. *See Lanza v. Hobby Lobby Stores, Inc.*, No. 24-CV-24043, 2025 WL 507308, at *3 (S.D. Fla. Feb. 14, 2025) (finding a complaint was a shotgun pleading where it asserted multiple theories of negligence in the same count). *Williams v. WKRG 5*, No. CV 23-00348, 2023 WL 6065854, at *3 (S.D. Ala. Sept. 18, 2023) (finding a complaint was a shotgun pleading where the plaintiff failed to separate state law claims for slander, slander per se, libel per se, defamation, and invasion of privacy as different causes of action).

Plaintiff cites *Davis v. Coca-Cola Bottling Co. Consol.* in support of his argument that Defendant could have sought a more definite statement under Federal Rule of Civil Procedure and relies on the following language: "defense counsel, faced with a complaint purporting to combine in one count multiple claims of eight plaintiffs, should have moved the court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983-84 (11th Cir. 2008)). However, in the same paragraph, the court notes that "the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement." *Davis*, 516

F.3d at 984 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996)). The Court will grant Defendant's motion to the extent it seeks to dismiss Plaintiff's Amended Complaint as a shotgun pleading.

### III. Attorney's Fees and Costs

Florida's anti-SLAPP statute provides that "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4). Florida's anti-SLAPP statute "works in favor of the 'prevailing party'—and not only an Anti-SLAPP claimant." *Vericker v. Powell*, No. SC2022-1042, 2025 WL 922413, at *5 (Fla. Mar. 27, 2025); *see also Gov't Emps. Ins. Co. v. Right Spinal Clinic, Inc.*, No. 8:20-CV-0802, 2022 WL 2466039, at *11 (M.D. Fla. July 6, 2022) (ruling that the anti-SLAPP claimant owed the plaintiff attorney's fees and costs accrued in connection with the claimant's invocation of Florida's anti-SLAPP statute), *aff'd*, No. 23-11778, 2024 WL 4564168 (11th Cir. Oct. 24, 2024). The Court need not decide this issue since it does not reach the merits of the action and thus, the issue of attorney's fees and costs on the anti-SLAPP motion is premature.

Accordingly, it is hereby **ORDERED:**

1. The Court **GRANTS** Arizona Daily Independent's motion to the extent it seeks to dismiss the Amended Complaint as a shotgun pleading. The Amended Complaint is dismissed, without prejudice, with leave to amend within 14 days of this order. Failure to file an amended complaint

within 14 days of this order will result in dismissal of this action without further notice.

2. The Court **DEFERS** ruling on Defendant's Motion for Summary Judgment and will allow the filing of a renewed motion for summary judgment or supplemental briefing directed to a Second Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2025.



Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties