UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LIGERI,

        Plaintiff,

v.                                     Case No. 8:23-cv-01318-CEH-AEP

ARIZONA DAILY INDEPENDENT, LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion for Attorney's Fees (Doc. 93). Plaintiff did not file a Response in Opposition, and the time to do so has passed. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Upon due consideration of the record and the parties' arguments at the hearing, the Court finds that the Defendant's Motion for Attorney's Fees is due to be granted in the amount of $43,620.00 in fees and $599.81 in costs.

### I.    Background

In June 2023, Plaintiff brought this defamation action against Defendant (Doc. 1). Over the course of three years of litigation, Plaintiff amended the complaint twice, (Docs. 44, 70), and Defendant moved for summary judgment three times, (Docs. 22, 49, 72). Defendant's first two motions for summary judgment were denied as moot in light of the amended complaints (Docs. 52, 69). Defendant raised Florida's Anti-SLAPP statute in each of its motions for summary judgment. This Court granted

Defendant's third motion for summary judgment and, in accordance with the Anti-SLAPP statute's fee provision, awarded entitlement to attorney's fees (Doc. 88). This Court directed the parties to confer regarding the fees and costs sought and then file a motion seeking any fees and costs that are in dispute (Doc. 88). Defendant filed its Motion for Attorney's Fees, (Doc. 93), and Plaintiff failed to file a response within the allotted time. *See* Local Rule 3.01(d). The matter was referred to the undersigned for issuance of a Report and Recommendation and is now ripe for review.

## II.    Legal Standard

### A. General Fee Standard

Attorney's fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of fees] and may

consider its own knowledge and experience concerning reasonable and proper fees."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorney's fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, 2008 WL 11412068 (S.D. Fla. Feb. 6, 2008) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (Feb. 26, 2008). However, courts still have a duty to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### B. Limitations under Florida's Anti-SLAPP Statute

Defendant's claim for attorneys' fees arises under Florida's Anti-SLAPP Statute, which seeks to protect against meritless lawsuits that attack the exercise of First Amendment rights. The state legislature sought to deter the filing of such lawsuits by requiring courts to assess fees and costs against those who violate the statute by "engag[ing] in SLAPP suits." Fla. Stat. § 768.295(1). According to the statute, "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred *in connection with a claim that an action was filed in violation of this section.*" Fla. Stat. § 768.295(4) (emphasis added). The plain language of the statute limits recovery to those fees and costs that the prevailing party incurred "in connection with a claim" that the plaintiff brought the lawsuit in violation of Florida's Anti-SLAPP Statute. *See Wentz v. Project Veritas*, 2019 WL 4621069, at *2 (M.D. Fla. July 19, 2019) (rejecting defendants' argument that they should be awarded fees for their entire defense, rather than only those incurred in raising the Anti-SLAPP defense; the court found defendants' argument to be "contrary to the plain meaning of [Florida's] Anti-SLAPP act"). Thus, Defendant's recovery of its attorney's fees and costs must be limited to those incurred in connection with its Motions for Summary Judgment, which argued that Plaintiff violated Florida's SLAPP statute. Defendant is not entitled to reimbursement of all its attorney's fees and costs incurred in defending against this lawsuit.

### III.   Discussion

Counsel for Defendant seeks $54,525.00 in attorney's fees and $599.81 in costs (Doc. 93, at 4). Counsel claims he spent 72.7 billable hours preparing three motions

4

for summary judgment, (*see* Docs. 22, 49, 72), at a $750 hourly rate (Doc. 93, at 4). Plaintiff failed to respond to the instant Motion, (*see* Doc. 94), but did raise several objections during conferral about the amount of fees and costs.[1] Plaintiff disputes 54.7 hours of Counsel's claimed billable hours (Doc. 93, at 7). Plaintiff largely objects to time entries on the grounds that they were unrelated to the motion for summary judgment or excessive time spent (Doc. 93-8, at 2–6). Plaintiff did not object to Counsel's hourly rate or costs calculation (Doc. 93, at 4, 7).

### A. Counsel's Hourly Rate is Reasonable

Plaintiff did not object to Counsel's hourly rate. Nevertheless, courts still have a duty to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428. A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 436. The "relevant legal community" is that of the place where the case is filed. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted).

Counsel has been practicing for approximately 25 years and is Board Certified by the Florida Bar in International Commercial Litigation and Arbitration (Doc. 93-1, at 2–3). Counsel has substantial experience in federal court practice and in complex commercial litigation (Doc. 93-1, at 1–3). As well, Counsel notes that he has a record

---

[1] Defendant highlighted that no attorney of record responded to Counsel's attempts to confer (Doc. 93, at 12; Doc. 93-1, at 8–9). Instead, Counsel contacted an attorney for Plaintiff who had not appeared in the case for any objections to Counsel's requested fees and costs (Doc. 93, at 12; Doc. 93-1, at 8–9).

of success outside of his usual area of practice (Doc. 93-1, at 2). He concedes that he is seeking an hourly rate higher than the rates that were awarded in cases in the Middle District of Florida. Counsel explains that he regularly practices in the Southern District of Florida, where acceptable hourly rates are higher. "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 436. Counsel argues that Defendant "is based in Arizona, has no employees, and that its owner did not know of any attorney in Florida who would be willing to take [Defendant]'s case on a contingency fee basis" (Doc. 93, at 10).

As Counsel already conceded, lower rates are customarily awarded for attorneys and paralegals with similar levels of experience who perform similar types of work in civil litigation matters within the Middle District of Florida. *See, e.g.*, *Anderson v. Coupons in the News*, 2020 WL 13119067, at *2 (M.D. Fla. Nov. 6, 2020) (finding hourly rate of $450.00 reasonable in a First Amendment case); *Blake v. Carter*, 2017 WL 11017902, at *2 (M.D. Fla. Feb. 7, 2017) (concluding that $450 and $375 per hour are reasonable hourly rates for attorneys who work in the area of First Amendment rights and defamation), *report and recommendation adopted*, 2017 WL 11017910 (M.D. Fla. Feb. 28, 2017). However, Counsel's claimed hourly rate is not entirely unreasonable in this district. *See, e.g.*, *Eyth v. Spectrum Charter Comm., Inc.*, 2025 WL 697464 (M.D. Fla. Feb. 13, 2025) (awarding hourly rate of $635 for partner with 20 years of complex litigation experience), *report and recommendation adopted*, 2025 WL

693318 (M.D. Fla. Mar. 4, 2025); *First Nat'l Bank of Oneida, N.A. v. Brandt*, 2021 WL 2856626, at *2–3 (M.D. Fla. July 8, 2021) (finding rate of $705 per hour to be a reasonable hourly rate for an attorney with over thirty-five years of experience, $650 per hour to be a reasonable hourly rate for an attorney with over twenty-two years of experience). Thus, considering the nature of the underlying suit, the fact that Defendant was out-of-state and litigated the case for over three years and had to pursue three summary judgments, the varying range of acceptable hourly rates, and Plaintiff's failure to respond in opposition or object at the conferral, the undersigned recommends that a reasonable rate for Counsel should be $600. Although the rate is higher than typical rates awarded in this District, the undersigned finds the rate of $600 is more than reasonable in this specific case.

### B. Counsel's Claimed Hours are Reasonable

Next, the Court must determine the number of hours reasonably expended. *Hensley*, 461 U.S. 437. Courts must exclude hours that are "excessive, redundant, or otherwise unnecessary," and fee applicants are expected to exercise "billing judgment" in their submissions. *Id.*; *Norman*, 836 F.2d at 1301; *Barnes*, 168 F.3d at 428–29. Billing judgment requires counsel to exclude hours that would not reasonably be billed to a paying client. *Norman*, 836 F.2d 1301.

Counsel claims 72.7 hours in total for preparing the three motions for summary judgment to dispose of this case under Florida's Anti-SLAPP statute. Plaintiff objected to 54.7 of those hours, arguing that the time spent was unrelated to a motion for summary judgment or excessive. Without a response to Defendant's Motion, the

undersigned can only rely on these bare objections to Counsel's claimed hours. Counsel counters Plaintiff's objections by highlighting the procedural history of the case: Defendant filed three dispositive motions, all seeking to dispose of the complaint under the Anti-SLAPP statute, the first of which Defendant filed nearly two years before the final disposition. Counsel also finalized the joint stipulation facts in conjunction with the dispositive motions and prepared for and argued the motion at a hearing before the undersigned. Counsel's argument is well-taken, and the undersigned does not find that any of Counsel's claimed hours are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. 437. In fact, Counsel reduced 27.7 hours in response to Plaintiff's objections to demonstrate reasonable billing judgment (*See* Doc. 93, at 7). Thus, in light of the course of this litigation, the undersigned finds that Counsel's 72.7 hours "incurred in connection with a claim that an action was filed in violation of this section," Fla. Stat. § 768.295(4), are reasonable.

## IV.    Conclusion

Accordingly, it is hereby

RECOMMENDED:

1.    Defendant's Motion for Attorney's Fees (Doc. 93) be GRANTED.

2.    Defendant be awarded $43,620.00 ($600 hourly rate x 72.7 hours) in attorney's fees.

3.    Defendant be awarded $599.81 in costs.

IT IS SO REPORTED in Tampa, Florida, this 18th day of June 2026.

9

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:    Hon. Charlene Edwards Honeywell
       Counsel of Record